*Sunbury,*
*Friday,*
July 14.

## Dean *against* Swoop.

### IN ERROR.

In an action against a common carrier by water, for the loss of the plaintiff's goods, where the defence is set up that carriers by water are by custom answerable for loss only in case of negligence, it is not competent to the defendant to

WRIT of error to the Common Pleas of *Huntingdon* county.

The action below was against *Swoop* as a common carrier, to recover damages for the loss of the plaintiff's goods, which he undertook to carry for hire from a place on the *Juniata* to *Columbia*. The cause was tried under the general issue, and upon the trial, as it appeared by the bill of exceptions, the defendant offered to give in evidence, " the opinion of a " certain witness as to the custom of the country, and the " carrying trade on the river *Juniata*, and the general under-

give in evidence, that in a case where the plaintiff had acted as a common carrier, he had refused to make compensation for a loss.

*Quære,* whether carriers by water on the *Juniata* &c., are answerable in the same degree as common carriers by the law of *England*.

" standing and belief of the country, as to the liability of car-
" riers by water." He also offered to prove, " that the plain-
" tiff and a certain *Moses M'Ilvaine* as partners, had a boat
" loaded in part with the property of others, which boat was
" wrecked, and the property in part lost; and that the firm of
" *Dean* and *M'Ilvaine* refused to compensate, and did not
" compensate those whose property was thus injured or lost."
In both instances the court admitted the evidence, notwith-
standing the objections of the plaintiff, who tendered a bill of
exceptions. The jury found for the defendant.

What was the tendency of the evidence first offered, did
not appear by the record; but it was understood to be, that
carriers by water were answerable for such losses only as
were occasioned by their own negligence.

*S. Riddle* for the plaintiff in error, argued that the evidence
first objected to was inadmissible, because its object was to
set up the opinions of witnesses against the settled law of the
land. The law of *England* in relation to common carriers,
he said was the law of *Pennsylvania;* it had been adopted in
practice, and it was sanctioned by the soundest policy. The
degree of a carrier's liability was of the essence of his office.
He might accept specially as to value, or as to the quality of
the thing carried; but take from him his liability for every
thing but inevitable accident, and the act of a public enemy,
and he was no longer a common carrier, but a mere bailee; in
which case, the proof of negligence lying exclusively in his
own power, all those frauds against which the common law
has established so complete a barrier, might be practised
beyond the possibility of detection. Hence it was a maxim
that every carrier for hire was a common carrier, unless
there was a special exception in the contract, *Coggs* v. *Ber-
nard* (a); and to the contract alone the court should have
looked for the extent of the defendant's liability in the pre-
sent case.

*Riddle* was here stopped by the court, who desired the
defendant's counsel to speak to the second exception.

(a) 2 *Ld. Ray.* 917.

1809.

DEAN
v.
SWOOR.

*Huston* and *Duncan* then argued that the evidence last admitted was proper, because it went to prove the opinion of the plaintiff himself, with regard to the custom for which the defendant contended. The whole case turned upon the existence of a custom in relation to carriers by water, varying from the law of *England.* This custom was to be proved by witnesses intimate with the subject, by their opinions understanding and belief founded upon this intimacy, and by their practice in cases to which the custom applied; the practice of the plaintiff was therefore a recognition of the rule, and corroborated the testimony before given. The material point was then the admission of the testimony first offered; for if it was correct, the acts of the plaintiff in confirmation of it, were evidence. As to the existence of the custom, it might be remarked that the verdict of the jury established it; but where could be the objection to it upon principles. A common carrier might limit his own liability by special provision, and take his case out of the general rule. *Bull. N. P.* 71. *Gibbon* v. *Paynton (a).* He is liable on account of his reward. It might as well therefore be the object of a particular custom to limit his liability, and by so doing, to diminish his reward, as the object of a special contract. The restriction of the custom to water carriers in a certain part of the state, was no objection to it. A custom might apply only to a certain description of men; as the custom of the way-going crop among farmers, *Wigglesworth* v. *Dallison (b)*; it might apply to a particular county, *Furneaux* v. *Hutchins (c)*; and in these cases the particular custom would control the general rule. *Peak's Ev.* 319. The admission of the evidence was the more proper, because it was not known that there had ever been a decision in *Pennsylvania*, upon the liability of carriers by water. [YEATES J. In *Lea* v. *Stroud*, before *M'Kean* Chief Justice and myself in *Northumberland* county, the plaintiff recovered upon the principles of the common law, on a *carrying by water.*]

*Riddle* answered that the plaintiff's act was not evidence, even by the defendant's argument, because the evidence was simply that he had refused to pay a loss. There might

(*a*) 4 *Barr.* 2298.          (*b*) *Doug.* 207.          (*c*) *Cowp.* 807.

have been a special contract, and a variety of circumstances to justify the refusal upon the ground of the common law.

1809.

Dean
v.
Swoop.

Tilghman C. J. after stating the exceptions, and that the court would give no opinion but upon the last, delivered judgment upon that point, as follows.

We are very clear that this exception was well founded. What the plaintiff and another person had done in the transaction alluded to, was totally irrelevant to the issue joined, and the evidence could only tend to draw the attention of the jury from the point before them, and perhaps to influence their minds. It has been contended that the evidence was proper, as it tended to corroborate the testimony given before, touching the custom of the country, by shewing that in the plaintiff's own opinion, a carrier was not liable for losses which happened without his neglect or want of skill. But this is not the case; for it does not appear that the plaintiff and *M'Ilvaine* received any compensation for the goods in their vessel, nor whether or not the loss happened by the act of God, nor whether they were carried under a special agreement, as is often the case. In short it does not appear that they were to be considered in any respect in the light of common carriers. This kind of evidence was the more improper, as it was taking the plaintiff by surprize; for he had no reason to suppose that a matter quite foreign from the business in question, would be made the subject of inquiry. On this exception our opinion is that the judgment of the court of Common Pleas be reversed. On the other exceptions we decline giving any opinion.

Judgment reversed.
*Venire de novo.*